IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| JERMAINE LEWIS,<br><br>　　　Plaintiff<br><br>　　v.<br><br>ERIE COUNTY JAIL CORRECTIONAL FACILITY, et al.,<br><br>　　　Defendants | 1:24-CV-00321-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>Memorandum Opinion Dismissing Claims against Erie County Jail Correctional Facility |

For the following reasons, Plaintiff Jermaine Lewis' claims against Defendant Erie County Jail Correctional Facility will be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915(e).[1]

I.　　Background

Plaintiff, an inmate formerly incarcerated at the Erie County Prison, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Erie County Jail Correctional Facility and Warden Michael. ECF No. 1-1. After the Court granted Plaintiff's motion for leave to proceed in forma pauperis, *see* ECF No. 4, the Clerk docketed Plaintiff's Complaint. ECF No. 5.

In his complaint, Plaintiff asserts that Warden Michael assaulted him while he was asleep by continuously spraying him with pepper spray until he woke up and begged him to stop. ECF

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in this action.

1

No. 5 ¶ at p. 4. He also contends that an unidentified, non-Defendant corrections officer failed to protect him and that he was denied medical care. *Id.* at p. 5.

II.     Standard for review

Because he is seeking leave to proceed in forma pauperis, *see* ECF No. 1, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[2] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

III.    Analysis

Applying the foregoing principles, the Court must screen and dismiss Plaintiff's claim against the Erie County Jail Correctional Facility. As the Court of Appeals for the Third Circuit has repeatedly noted, a prison or prison department is not a "person" that can be sued under § 1983.

---

[2] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

*See, e.g., Gerholt v. Wetzel*, 858 Fed. Appx. 32, 34 (3d Cir. 2021) ("Gerholt similarly failed to state a claim against the SCI-Phoenix Medical Department because a prison medical department is not a 'person' that can be sued under § 1983"); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1974) (a state agency, such as a prison department, "may not be sued under §1983 since it is not a person"); *Jones v. Erie County Prison*, 2022 WL 3236939, at *1 (W.D. Pa. July 11, 2022) (noting that "a prison or correctional facility . . . is not a 'person' that is subject to suit under federal civil rights laws") (internal quotations and quoting source omitted). Dismissal is warranted.

IV. Conclusion

For the foregoing reasons, all claims against the Erie County Jail Correctional Facility will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and the Erie County Jail Correctional Facility will be terminated as a Defendant in this action.

Dated this 26th day of November, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge